1

2

3                       UNITED STATES DISTRICT COURT

4                     NORTHERN DISTRICT OF CALIFORNIA

5

6    JACQUELINE BENJAMIN, et al.,              Case No.  13-cv-04993-VC

7                Plaintiffs,

8         v.                                    **ORDER GRANTING IN PART AND
                                                DENYING IN PART MOTION TO
9    B & H EDUCATION, INC., et al.,             DISMISS**

10               Defendants.                    Re: Docket No. 27

11

12       The motion to dismiss the state law claims against B&H Education on the ground that

13   California and Nevada wage and hour law can never be applied to students in cosmetology schools

14   is denied without prejudice to raising the issue at the summary judgment stage.  B&H Education

15   concedes the Fair Labor Standard Act (FLSA) claims may go forward, and it has not identified

16   any way in which it would be prejudiced if the state law claims are allowed to proceed on the

17   same track.  Furthermore, particularly with respect to the claims under California law, the issue is

18   not ripe because the parties have not briefed the standard a federal court must apply in determining

19   whether it is bound by a decision of a state intermediate court.  The Court may invite the State to

20   weigh in on whether *Hutchison v. Clark*, 67 Cal.App.2d 155 (1944) is good law, especially in light

21   of Judge Gutierrez's recent opinion in *Ford v. Yasuda, et al.*, Case No. 13-1961 (C.D. Cal. July 30,

22   2014).

23       The motion to dismiss the state law wage and hour claims against the individual

24   defendants is granted.  There is no basis for concluding the California Supreme Court did not

25   mean what it said when it stated: "*Reynolds* properly holds that the IWC's definition of 'employer'

26   does not impose liability on individual corporate agents acting within the scope of their agency."

27   *Martinez v. Combs*, 49 Cal.4th 35, 66 (2010).  The plaintiffs rely on a number of cases in which

28   courts held that two separate companies could be considered "joint employers" under California

law, but that question is very different from whether an agent of a single company can be individually liable for wage and hour violations by that company. *Compare Carrillo, et al. v. Schneider Logistics Trans-Loading & Distrib., Inc.*, 2014 WL 183965, at *4-7 (C.D. Cal. Jan. 14, 2014) (holding separate entities could be deemed joint employers), *with Lazaro v. Lomarey Inc.*, 2012 WL 566340, at *7 (N.D. Cal. Feb. 21, 2012) (holding company's agent not liable where he controlled payment to the company's employees "in his capacity as an officer or agent"). The same is true of Nevada law – just as there is no individual liability for individual agents under statutory law because the statute does not include them within the definition of "employer," there is no individual liability for individual agents under the Nevada Constitution because it similarly does not identify them as being subject to liability. *See* Nev. Rev. Stat. § 608; Nev. Const. Art. 15, § 16(C); *Boucher v. Shaw*, 572 F.3d 1087, 1089-90 (9th Cir. 2009). Dismissal is with leave to amend but only to the extent the plaintiffs are capable of alleging in good faith that the individual defendants acted outside the scope of their agency.

The motion to dismiss the California Unfair Competition Law claim against the individual defendants is also granted, because it is based on the wage and hour claims. Dismissal is with leave to amend.

Finally, the motion to dismiss the FLSA claims against the individual defendants is granted as well. Although B&H Education points to no similar federal rule protecting individual agents of a company from liability for actions taken within the scope of their agency, it correctly notes that the complaint includes no allegations concerning the extent to which any individual defendant has operational control over significant aspects of B&H Education's day-to-day functions or the nature and structure of the alleged employment relationship between the students and the schools. The plaintiffs cite *Boucher v. Shaw* for the proposition that they have stated claims against the individual defendants, but the *Boucher* court relied on allegations that the individual defendants were "responsible for handling labor and employment matters" and "had responsibility for supervision and oversight of . . . cash management." 572 F.3d at 1091. In this case, the plaintiffs have not even alleged that much. Dismissal is with leave to amend.

Notwithstanding the possibility that the plaintiffs will file an amended complaint and the

United States District Court
Northern District of California

defendants will file another motion to dismiss, the case management scheduling order entered July 10, 2014 remains in effect, and discovery should proceed accordingly.

**IT IS SO ORDERED.**

Dated:  August 4, 2014

_____
VINCE CHHABRIA
United States District Judge