UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE BENJAMIN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> B & H EDUCATION, INC., et al., <br><br> Defendants. | Case No. 13-cv-04993-VC <br><br> **ORDER GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

B&H Education's motion for summary judgment is granted. The plaintiffs' motion for summary judgment is denied.

## I.

The plaintiffs in this case – Jacqueline Benjamin, Bryan Gonzalez, and Taiwo Koyejo – were students at the Marinello Schools of Beauty. Those schools are owned and operated by the defendant, B&H Education, Inc. Benjamin and Koyejo were cosmetology students at a Marinello school in California; Gonzalez was a "hair design" student at a Marinello school in Nevada.

To become licensed cosmetologists in California or hair designers in Nevada, students must receive hundreds of hours of clinical training. Accordingly, the Marinello schools have clinics where the students do hair styling and provide other services to customers. The customers pay for the services, and the money goes to the schools. The students don't get paid for their clinical work.

The plaintiffs have sued B&H Education, contending that they were employees during their time in the clinics, which means the schools must pay them the minimum wage and overtime pay for their work. They have sued under the federal Fair Labor Standards Act ("FLSA"), as well as the wage-and-hour laws of California and Nevada.

The lawsuit is a proposed class action on behalf of students who worked in Marinello's

1    clinics during the class period.  The plaintiffs propose a nationwide class of students for the FLSA

2    claims, a California class for the California state law claims, and a Nevada class for the Nevada

3    state law claims.  However, before proceeding with discovery on class certification, the parties

4    filed cross-motions for summary judgment on the individual claims of the named plaintiffs.

5    Accordingly, the question here is limited to whether these three people – Benjamin, Gonzalez, and

6    Koyejo – were employees when they did their clinical work.  The outcome of this motion has no

7    impact on the rights of other students.

## II.

The parties disagree about the legal test courts should apply when assessing whether the students were "employees" when they did their clinical work.  With respect to the FLSA claims, the test turns on the interpretation of *Walling v. Portland Terminal Co.*, 330 U.S. 148 (1947).  The Court agrees with the interpretation of *Portland Terminal* adopted by *Glatt v. Fox Searchlight Pictures, Inc.*, 791 F.3d 376 (2d Cir. 2015) and *Schumann v. Collier Anesthesia*, No. 14-13169, ---F.3d---, 2015 WL 5297260 (11th Cir. Sept. 11, 2015), for exactly the reasons stated in those cases.  To reduce the "primary beneficiary" test adopted in those cases to its essence, a court should look at all the circumstances to determine whether the relationship chiefly benefits the student or the entity for which the student is working.  In the context of a for-profit school's clinical education program, this means a court should inquire whether a school's efforts to make money from the clinic relegated the educational function of the clinic to a secondary status.  If a reasonable factfinder could go either way on that question, the court should deny summary judgment and allow a jury to decide whether the students were actually employees during their clinical work.

The parties agree that the test under Nevada law is the same as the test under the FLSA.  With respect to California law, the parties disagree on the test to apply, but the Court concludes that the "primary beneficiary" test applies in California as well.  It's true that, in distinguishing between "employees" and "independent contractors," the California Supreme Court has stated that "[i]n no sense is [California law's] definition of the term 'employ' based on federal law." *Martinez v. Combs*, 231 P.3d 259, 279 (Cal. 2010).  In that context, California law tends to focus on a

1  putative employer's right to control its putative employee – for example, by "exercis[ing] control
2  over the wages, hours or working conditions." *Id.* at 278.  But it makes no sense to extend this
3  employee/independent contractor test to the educational context: schools typically exercise
4  significant control over their students, but that doesn't mean schools are typically "employers" of
5  the students.  In the context of this case, for example, the school has the right to control students'
6  clinical work in either event.  That is presumably why the California Division of Labor Standards
7  Enforcement, instead of applying the "control" test in a context like this, "has historically followed
8  federal interpretations" in determining whether "trainees and interns" are employees under
9  California law.  Letter from David Balter, Acting Chief Counsel, Division of Labor Standards
10 Enforcement, to Joseph W. Ambash, Greenberg Traurig, LLP (April 7, 2010).  This approach is
11 consistent with California case law from the workers' compensation context, which states that, in
12 determining whether a university student is an employee, "the crucial question is whether it may
13 reasonably be said that a student is 'rendering service' for his or her university in participating in
14 its educational programs." *Land v. Workers' Comp. Appeals Bd.*, 125 Cal. Rptr. 2d 432, 436 (Ct.
15 App. 2002).[1]

## III.

In connection with the cross-motions for summary judgment, the plaintiffs have submitted declarations from other former Marinello students that provide some detail (albeit not a lot of detail) about efforts by the schools to subordinate the educational function of the clinics to the goal of making money.  However, these declarations – from witnesses Johnson, Nelson, and Avalos – must be stricken.  The plaintiffs did not identify these third-party witnesses as required by Rule 26, and "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion . . . unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

The plaintiffs argue that they identified Nelson by including a catch-all reference to "other

---

[1] For the reasons given in *Ford v. Yasuda*, No. 13-cv-1961, 2014 WL 9887277 (C.D. Cal. July 30, 2014), the Court is persuaded that *Hutchison v. Clark*, 153 P.2d 796 (Cal. Ct. App. 1944) is no longer good law.

current and former Student-Employees of Marinello Schools of Beauty" in their Rule 26 disclosure. That is ridiculous. With respect to Avalos, the plaintiffs argue that it was enough to include his first name – but not his last name or any other identifying information – in a long list of names offered in response to interrogatories. That is equally ridiculous. Rule 26 requires a party to disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i).

With respect to Johnson, the plaintiffs did include his full name (among many other names) in response to interrogatories. But the plaintiffs never included Johnson in their Rule 26 disclosure, they never identified him as a potential witness for the plaintiffs, they never gave B&H Education his name and telephone number, and they never gave any indication that they planned to submit a declaration from him in connection with the cross-motions for summary judgment. "[T]he mere mention of a name in a deposition or interrogatory response is insufficient to satisfy Rule 26(a)(1)(A)(i)." *Lujan v. Cabana Mgmt., Inc.*, 284 F.R.D. 50, 72-73 (E.D.N.Y. 2012).

The plaintiffs have not shown that their failure to comply with Rule 26 "was substantially justified or . . . harmless." Fed. R. Civ. P. 37(c)(1). "Disclosure of new fact witnesses at the time of summary judgment places the opposing party at a disadvantage and constitutes unfair surprise." *Solid 21, Inc. v. Hublot*, No. 11-cv-468, 2015 WL 3756490, at \*6 (C.D. Cal. June 12, 2015). In this case, failure to disclose these three third-party witnesses before B&H Education filed its summary judgment motion likely prejudiced B&H Education by depriving it of an opportunity to depose the third-party witnesses. *See Medina v. Multaler, Inc.*, 547 F. Supp. 2d 1099, 1106 n.8 (C.D. Cal. 2007) ("[F]ailure to disclose . . . a likely witness before defendants' summary judgment motion was filed prejudiced defendants by depriving them of an opportunity to depose him."); *see also Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1180 (9th Cir. 2008) ("[M]odifications to the court's and the parties' schedules supports a finding that the failure to disclose was not harmless.").

**IV.**

4

Now that the Court has stricken the Johnson, Nelson, and Avalos declarations, the plaintiffs are left with their own deposition testimony and some documentary evidence. This evidence is too vague and sparse to overcome B&H Education's cross-motion for summary judgment.

The plaintiffs complain about having to do some non-cosmetological work – cleaning up around the clinic, doing laundry, covering the phones. But professional cosmetologists and hair designers can expect to do similar work in most salons, so such work is relevant in preparing for the plaintiffs' chosen professions. In small doses, such work would not relegate the educational function of the clinics to secondary status, and the testimony of the named plaintiffs is too vague to support a conclusion that the schools required them to do an excessive amount of this work. Nor is there any indication (other than in the improper third-party witness declarations) that the students' cleanup work was so extensive that it allowed the Marinello schools to avoid employing janitorial staff.

With respect to the educational benefit the three named plaintiffs received during their clinical work (which is probably the most important issue in assessing whether the clinics' purpose was primarily educational), the evidence is equally vague and sparse. Although the plaintiffs argue in their briefs that students received little or no instruction during their clinical work, they lack specific evidence to support this argument. Benjamin, for example, testified only that instructors would "sometimes" merely ask the clinical students "what did you do tonight?" without providing other training during the shift. Gonzalez testified that an instructor was available to students working in the clinic "six out of ten" times. And Koyejo testified that instructors were present "sometimes." Without more specific evidence about an alleged lack of meaningful clinical instruction (and without specific evidence about the kind of instruction a student needs when logging clinical hours to qualify for a license), no reasonable juror could conclude that the schools subordinated the educational function of the clinics for the purpose of making money. Clinical work is an essential part of these students' training – they must log hundreds of clinical hours before qualifying for their licenses – so the mere fact that the plaintiffs worked in a realistic salon environment isn't enough to show that their work served a business purpose over an educational

5

purpose.

Likewise, the mere fact that the clinics charge customers for services rather than offering them for free could not, on its own, support a jury finding that Marinello's clinics subordinate their educational purpose to their business function. Working on paying customers has obvious educational value in preparing students for careers in which they will, in fact, be working on other paying customers. The plaintiffs would need to produce evidence that the way in which Marinello students work with paying customers has undercut the schools' educational purpose. They haven't.[2]

In sum, the evidence provided by the plaintiffs is so meager and vague that it would not allow a reasonable jury to conclude that the schools subordinated the educational function of the clinics in favor of making money. Accordingly, with respect to these three named plaintiffs, B&H Education's cross-motion for summary judgment is granted. The plaintiffs' motion for summary judgment is denied.

**IT IS SO ORDERED.**

Dated: October 16, 2015

_____
VINCE CHHABRIA
United States District Judge

---

[2] Bryan Schwartz, who argued this motion for the plaintiffs, asserted at the hearing that the Marinello schools had "quotas" for students to meet in selling cosmetology products and bringing in new customers. Arguing counsel provided a number of citations to the record in support of this assertion. But the citations he provided did not support his characterization of the evidence. In fact, one of his citations (namely, the testimony of B&H Education's Rule 30(b)(6) witness) stands for the proposition that the schools do not have quotas. With respect to the remainder of the record, it is true – and undisputed – that students were "encouraged" to sell cosmetology products and bring in new customers (which seems like an ordinary part working in a salon, and thus a legitimate part of training to work in salons). But the evidence submitted with these motions does not suggest that students were required to meet quotas.

Arguing counsel's mischaracterization of the record on this point is consistent with his overall performance in this case. At the hearing, he seemed largely unfamiliar with the record. And as previously discussed, he failed to disclose third-party witnesses as required by Rule 26 – which is especially troubling given the importance of those witnesses, considering the sparseness of the testimony provided by his own clients at their depositions. Arguing counsel also made a misrepresentation about the witness disclosure issue at the hearing, asserting that the plaintiffs had disclosed the witnesses by name ("very specifically") when they had not. Overall, the conduct of arguing counsel suggests he would not have been fit to represent a class of cosmetology students in this wage-and-hour action, even if the case had proceeded beyond summary judgment.